## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOE BALTAS, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:23-cv-930 (VAB) |
| v. | : | |
| GAIL HARDY, et al. in their individual | : | |
| capacities, | : | |
| Defendants. | : | |

## RULING ON MOTION TO DISMISS

Joe Baltas ("Plaintiff"), is a sentenced prisoner incarcerated within the custody of the Department of Correction ("DOC"). On July 13, 2023, he filed this civil rights Complaint under 42 U.S.C. § 1983 against State Troopers Jason Soto, and Toby Rutkowski; State's Attorneys Gail Hardy, Mathew Gedansky, and James Turcotte; and Meriden Police Officer John Doe. *See* Compl., ECF No. 1 (July 13, 2023).

After initial review under 28 U.S.C. § 1915A, the Court permitted Mr. Baltas to proceed against Connecticut State Trooper Soto on the following claims for damages: (1) Fourth Amendment violation based on false arrest and malicious prosecution; (2) Fourteenth Amendment violation based on fabricated evidence; and (3) state law defamation. Initial Review Order ("IRO"), ECF No. 11 (Oct. 13, 2023).

Defendant Soto now moves to dismiss Mr. Baltas's Fourteenth Amendment fabricated evidence claim. Mot. to Dismiss, ECF No. 19 (Jan. 4, 2024).

For the following reasons, the motion to dismiss is **DENIED**.

I.      FACTUAL AND PROCEDURAL BACKGROUND

A.      Factual Allegations[1]

On September 10, 2019, Mr. Baltas allegedly returned to Connecticut DOC from Massachusetts DOC where he had been confined under the Interstate Custody Compact ("ICC"). Compl. ¶ 23. He claims that he was assaulted by Correctional Officer Rizvani while he was housed at Hartford Correctional Center ("HCC") on September 12, 2019. *Id.* ¶ 24. Correctional staff allegedly used physical force to seize Mr. Baltas and place him in full-restraints. *Id.* ¶ 27. Later, correctional staff allegedly contacted the Connecticut State Police regarding this incident. *Id.* ¶ 28.

Trooper Soto allegedly responded and took pictures of both Officer Rizvani and Mr. Baltas. *Id.* ¶ 29. The photographs allegedly showed that Rizvani's hands and knees were swollen, and that Mr. Baltas had sustained head and neck swelling but his hands had no swelling. *Id.*

Mr. Baltas claims that Trooper Soto allegedly acted without probable cause or good faith to arrest him and initiate his prosecution for an assault on a peace officer. *Id.* ¶¶ 31–32. Trooper Soto allegedly refused to speak to Mr. Baltas or take his statement, and he allegedly had correctional staff use physical force to escort Mr. Baltas in restraints to force him to submit to arrest. *Id.* at ¶¶ 33-34.

Trooper Soto allegedly provided a statement on the State's publicly available website and to the local media that Mr. Baltas had assaulted a correctional officer. *Id.* at ¶ 40. Mr. Baltas claims that Trooper Soto knew that his claim about Mr. Baltas assaulting Officer Rizvani was false.

---

[1] For purposes of this motion to dismiss, the Court considers the following allegations from the Complaint to be true.

2

Defendant Hardy allegedly prosecuted Mr. Baltas for the charges of assault on a peace officer after viewing the video footage and the photographs related to the incident. *Id.* at ¶ 42. Mr. Baltas claims that this evidence showed Rizvani had unlawfully assaulted him. *Id.*

### B.    Procedural History

On July 13, 2023, Mr. Baltas commenced this lawsuit and requested to proceed *in forma pauperis*. Compl., ECF No. 1 (July 13, 2023), Mot. to Proceed *in Forma Pauperis* ("IFP"), ECF No. 2 (July 13, 2023). On July 18, 2023, the Court granted Mr. Baltas leave to proceed IFP. Order, ECF No. 8 (July 18, 2023).

After conducting an initial review under 28 U.S.C. § 1915A, the Court permitted the case to proceed on Mr. Baltas's claim for damages only against Connecticut State Trooper Soto on his (1) Fourth Amendment false arrest and malicious prosecution claims; (2) Fourteenth Amendment fabricated evidence claim; and (3) his state law defamation claim. IRO, ECF No. 11 (Oct. 13, 2024). The Court also dismissed Defendant Hardy from this action and severed all claims against Defendants Gedansky, Turcotte, Rutkowski, and Officer John Doe. *Id.*

Defendant Soto's counsel filed an appearance on December 13, 2023. Appearance, ECF No. 17 (Dec. 13, 2023).

On January 4, 2024, Defendant Soto filed a Motion to Dismiss as to Mr. Baltas's Fourteenth Amendment fabricated evidence claim. Mot. to Dismiss, ECF No. 19 (Jan. 4, 2024).

On January 16, 2024, Mr. Baltas filed his Memorandum in Opposition to the Motion to Dismiss. Mem. in Opp., ECF No. 20 (Jan. 16, 2024).

Defendant Soto has not filed a memorandum in reply.

## II.      STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of N.Y.C.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for

failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

## III.    DISCUSSION

For a Fourteenth Amendment fabricated evidence claim, a plaintiff is required to establish that "an (1) investigating official (2) fabricate[d] information (3) that is likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffe[red] a deprivation of life, liberty, or property as a result." *Barnes v. City of New York*, 68 F.4th 123, 128–29 (2d Cir. 2023) (noting fabricated evidence claims allege violations of due process) (citations and internal quotation omitted).

The Court has permitted Mr. Baltas to proceed on a Fourteenth Amendment fabricated evidence claim against Trooper Soto for further development of the record. IRO at 10. Trooper Soto argues, however, that Mr. Baltas has not stated a plausible Fourteenth Amendment fabricated evidence claim against Defendant Soto. Def's Mem., ECF No. 19-1 (Jan. 4, 2024).

In his view, Mr. Baltas's Fourteenth Amendment claim is deficient because he fails to allege that Defendant Soto fabricated any evidence against him. Def's Mem. at 3. Mr. Baltas alleges that Defendant Soto issued publicly available false statements about his conduct. Although it is not entirely clear from the Complaint whether these false statements constituted any form of evidence in connection with his prosecution, the Court construes the Complaint most broadly and will permit Mr. Baltas to proceed for further development of the record. *See also Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

Accordingly, the Court will leave Mr. Baltas to his proof on this Fourteenth Amendment claim and will deny the motion to dismiss.

## IV.     CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion to Dismiss.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of June, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE