UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOE BALTAS,<br> Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:23-CV-930 (VAB) |
| HARDY, ET AL.<br> Defendants. | :<br>:<br>: |

**RULING ON PENDING MOTIONS**

Joe Baltas ("Plaintiff"), is a sentenced prisoner incarcerated within the custody of the Department of Correction ("DOC"). On July 13, 2023, he filed this civil rights Complaint under 42 U.S.C. § 1983 against State Troopers Jason Soto, and Toby Rutkowski; State's Attorneys Gail Hardy, Mathew Gedansky, and James Turcotte; and Meriden Police Officer John Doe. *See* ECF No. 1 (July 13, 2023).

After initial review under 28 U.S.C. § 1915A, the Court permitted Mr. Baltas to proceed against Connecticut State Trooper Soto on the following claims: (1) a Fourth Amendment violation claim for false arrest and malicious prosecution; (2) a Fourteenth Amendment claim for fabricated evidence; and (3) a state law claim for defamation. ECF No. 11 (Oct. 13, 2023).

Mr. Baltas has filed a motion to compel, asserting that Defendants have unjustifiably refused to provide him with relevant evidence he has requested through discovery. ECF No. 37 (July 25, 2024). Defendants have filed an objection, ECF No. 38 (Aug. 15, 2024), and Plaintiff has filed a reply. ECF No. 40 (Aug. 26, 2024).

For the following reasons, Mr. Baltas's motion to compel is **DENIED**.

By **November 22, 2024**, State Trooper Soto must file a notice confirming that the Rhode Island DOC has provided Mr. Baltas with access to the videos and that he has been able to review the videos.

In the event that the videos are not playable, State Trooper shall take steps within his control to provide Mr. Baltas with the videos in a playable format, and to provide a notice to that effect.

### I. STANDARD OF REVIEW

"Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Information is "relevant" if it "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see In re PE Corp. Secs. Litig.*, 221 F.R.D. 20, 23 (D. Conn. 2003). The burden of demonstrating relevance is on the party seeking discovery. *Ayuso v. Butkiewieus*, No. 3:17CV00776 (AWT), 2019 WL 1110794, at *2 (D. Conn. Mar. 11, 2019).

"Where a party 'fails to produce documents . . . as requested,' Federal Rule of Civil Procedure 37 permits '[the] party seeking discovery . . . [to] move for an order compelling an answer, designation, production or inspection.'" *In re Aggrenox Antitrust Litig.*, 2017 WL 5885664, at *1 (D. Conn. Nov. 29, 2017) (quoting Fed. R. Civ. P. 37(a)(3)(B)); *see also Scott v. Arex, Inc.*, 124 F.R.D. 39, 40 (D. Conn. 1989). A motion to compel under Federal Rule of Civil

Procedure 37(a) must include "a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a).

Because the Federal Rules are to be construed liberally in favor of discovery, the burden falls on the party resisting discovery to show why discovery should be denied. *McCulloch v. Hartford Life & Accident Ins. Co.*, 223 F.R.D. 26, 30 (D. Conn. 2004).[1] All "[m]otions relative to discovery," including motions to compel, "are addressed to the discretion of the [district] court." *Soobzokov v. CBS*, 642 F.2d 28, 30 (2d Cir. 1981).

## II. DISCUSSION

State Trooper Soto argues that he has provided him with responsive discovery, and that Mr. Baltas improperly filed this motion without complying with Rule 37(a)'s requirement to confer or attempt to confer with opposing counsel to resolve his discovery dispute before seeking this Court's intervention. ECF No. 38.

As a *pro se* litigant, Mr. Baltas is entitled to solicitude and generally held to a more lenient standard than an attorney. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010); *Cooksey v. Digital*, No. 14-CV-7146 (JGK), 2016 WL 5108199, at *8 (S.D.N.Y. Sept. 20, 2016). At this juncture, the Court credits Mr. Baltas's representations that he made a good faith effort to comply with Rule 37(a). *See* ECF No. 37 at 32; ECF No. 40 at 2.

After review, the Court makes the following discovery rulings.

Production Request No. 3

---

[1] Once the party seeking discovery has demonstrated relevance, "[t]he party resisting discovery bears the burden of showing why discovery should be denied." *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009).

This request seeks prison videos. Mr. Baltas complains that the prison videos provided to him are not in a playable format. Defendant responds that this material was produced in the same format as the video exhibits to the Court and that Rhode Island DOC has been notified about Plaintiff's complaint about his inability to view the videos.

As the requested videos were provided to the Rhode Island DOC for Mr. Baltas to review, the motion to compel will be denied as to Production Request No. 3, subject to the following: State Trooper Soto is instructed to file a notice with the Court to confirm that Rhode Island DOC has provided Mr. Baltas with access to the videos and that he has been able to play the videos. In the event that the videos are not playable, the Court orders State Trooper to take steps witnin his control to provide Mr. Baltas with the videos in a playable format.

Production Request No. 5

In his Production Request No. 5, Plaintiff requested:

Any and all policies, regulations, directives and training manuals of defendant Soto's branch of CSP that were in effect in September of 2019 regarding: investigating accused; processing accused; arresting accused; taking statements; filing reports; conducting investigations; investigation and interviews between DOC and CSP: and conduct regarding public statements.

State Trooper Soto represents that Mr. Baltas was provided with information about conduct relevant to public statements, but objected to providing other material on grounds that the request was not proportional to the needs of the case; did not seek information relevant to the "central issues" about whether State Trooper Soto had probable cause to arrest Mr. Baltas and whether he fabricated evidence and gave it to prosecuting authorities; and sought disclosure of information that would compromise safety and security relevant to State Trooper investigations.

ECF No. 38 at 5. Mr. Baltas claims that the requested information is necessary to defend against Defendants' claims of immunity or probable cause. But he does not explain how the state directives, training manuals or investigative procedures bear on his claims proceeding in this case, which do not arise from violation of state procedures or whether his investigation complied with state standards. *See Harris v. Taylor*, 441 F. App'x 774, 775 (2d Cir. 2011) (noting that failure to comply with state law or administrative directive does not establish a violation under section 1983) (citing *Doe v. Connecticut Department of Child & Youth Services*, 911 F.2d 868, 869 (2d Cir.1990) ("[A] violation of state law neither gives [plaintiffs] a § 1983 claim nor deprives defendants of the defense of qualified immunity to a proper § 1983 claim.") (quoting *Robison v. Via*, 821 F.2d 913, 921 (2d Cir.1987))).

Moreover, the Court agrees that the disclosure of such information could compromise law enforcement safety and security concerns. Thus, the Court will deny the motion to compel as to this request.

Production Request No. 6.

Production Request No. 6 seeks:

Any and all email communications to and/or from defendant Soto, States Attorney Gail Hardy, CSP Sergeant William A. Blumenthal, CSP Sergeant Kevin T. Curry, Assistant States Attorney Carl Ajello for the time frame of 9/12/19 to 7/1/20 (the relevant time of prosecution), that mentioned the term "Baltas" and or "1900441980" and or "H14H-CR-190733623-S" in the text of the subject or body of the e-mail.

State Trooper Soto represents having provided Mr. Baltas with three e-mails that satisfied this production request and that no other e-mails satisfy this request. To the extent that no further documents exist, they cannot be compelled. *See Grayson v. General Electric Co.*, 2016 WL 1275027, at *2 (D. Conn. Apr. 1, 2016); *Pugliese v. United Technologies Corp.*, 2007

5

WL3124726, at *3 (D. Conn. Oct. 23, 2007) ("the incredulity of the plaintiff with respect to the defendant's responses is not a sufficient basis for the court to compel production of documents that the defendant denies exist."). Mr. Baltas appears to seek additional e-mails from the State's Attorneys that were not sent or received by State Trooper Soto. Mr. Baltas may attempt to obtain these e-mails to or from non-parties—to the extent they exist and are accessible—by serving a specific discovery request. Discovery is otherwise closed, however, at this time.

Accordingly, the motion to compel as to Production Request No. 6 will be denied.

Production Request No. 7

In his seventh production request, Mr. Baltas seeks "[a]ny and all personal emails or text messages from any communication account or personal device of defendant Soto for the time frame of 9/12/19 to 7/1/20 that mention 'Baltas' in the text of the subject or body of the communication."

State Trooper Soto represents that Mr. Baltas was provided with one e-mail responsive to this request. Mr. Baltas complains that no e-mails were provided from State Trooper Soto's personal email or text account. But State Trooper Soto represents that no responsive e-mails exist on Defendant Soto's personal email or text account. Again, the Court cannot compel what does not exist, and Mr. Baltas has not shown that State Trooper Soto is wrongfully failing to disclose responsive information.

Accordingly, the motion to compel as to this discovery request will be denied.

Interrogatory 1

In his Interrogatory 1, Mr. Baltas asked:

In September 2019 what training had you received regarding: CSP and DOC relations and interactions; Investigating criminal complaints initiated by DOC, investigating

>criminal allegations; Conducting interviews of accused and witnesses; taking statements of accused and witnesses?

State Trooper Soto responded:

>By September 2019 I had received training at the Connecticut State Police Academy. I had also received training from during field training officer. The academy was 30 weeks long, and field training followed. I do not remember exactly what portions of the training received were specific to the specified areas.

ECF No. 38 at 7-8. Mr. Baltas complains that this response is inadequate and non-responsive. CF No. 37 at 5. He asserts that information about whether State Trooper Soto had training for his interaction with DOC and whether Soto deviated from that training is relevant to his claims. The Court does not agree. Mr. Baltas has not demonstrated that the state training information requested bears on his claims in this action. *See* Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"); *In re Speer*, 754 F. App'x 62, 64 (2d Cir. 2019) (approving of a bankruptcy court's decision to deny an overbroad subpoena by citing to Rule 26(b)(1)'s language about discovery needing to be "proportional to the needs of the case").

>Accordingly, the motion to compel as to Interrogatory No. 1 will be denied.

Interrogatory 2

In his Interrogatory 2, Mr. Baltas asked:

>Identify any CSP custom, policy, regulation governing: CSP and DOC relations and interactions; Investigating criminal complaints initiated by DOC, investigating criminal accusations, conducting interviews of accused and witnesses, taking statements of accused and witnesses?

In response, State Trooper Soto objected on grounds that this discovery request sought material that was not relevant to the issue of whether Defendant Soto had probable cause to arrest Mr.

7

Baltas and whether he fabricated evidence and provided it to the prosecuting officials; and the requested disclosure would compromise safety and security concerns. ECF No. 38 at 9.

As already discussed above, for stated for Production Request No. 5, the motion to compel Interrogatory 2 will be denied.

## CONCLUSION

For the foregoing reasons, Mr. Baltas's motion to compel, ECF No. 37, is **DENIED**.

By **November 22, 2024**, State Trooper Soto must file a notice confirming that the Rhode Island DOC has provided Mr. Baltas with access to the videos and that he has been able to review the videos.

In the event that the videos are not playable, State Trooper shall take steps within his control to provide Mr. Baltas with the videos in a playable format, and to provide a notice to that effect.

**SO ORDERED** at New Haven, Connecticut, this 25th day of October, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE